## NATIONAL BANK OF COMMERCE v. C. W. JESSUP.[1]

### May 23, 1913.

### Nos. 18,044—(129).

**Promissory note — evidence of payment — charge to jury.**

In this action to recover on a promissory note which the payee claimed was lost, and the maker claimed had been paid, it is *held:*

(1) The evidence is sufficient to sustain the verdict to the effect that the note had been paid.

(2) Defendant having testified to the payment of the note to the president of the plaintiff, it was not error to instruct the jury that, if they found defendant did not make the payment to the president, but in fact paid the note to plaintiff bank, defendant was entitled to a verdict.

Action in the district court for Blue Earth county to recover $208 upon a promissory note. The case was tried before Pfau, J., who, at the close of the testimony, denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Hughes & Ellsworth,* for appellant.

*Thomas Hughes,* for defendant.

[1] Reported in 141 N. W. 525.

BUNN, J.

This action was to recover on a promissory note for $208 made by defendant to plaintiff May 19, 1910, due in six months. The complaint alleged that the note had been lost, and that no part thereof had been paid. The answer admitted the making of the note as alleged, and pleaded that it was paid in full by defendant on or about January 20, 1911. The jury to whom this issue was submitted for decision returned a verdict for defendant. This appeal is from an order denying a new trial.

Plaintiff urges two grounds for a reversal: (1) That the verdict for defendant is not sustained by the evidence; (2) an alleged error in the court's charge to the jury.

The evidence bearing upon the only question in the case, whether or not the note had been paid, was substantially as follows: Defendant testified that on January 23, 1911, he received from a building and loan association a check for $850.20, which he had cashed at the Mankato State Bank, receiving $410 in gold and the balance in currency and silver; that immediately after he drew this money he went to the plaintiff bank, and paid the note in question to C. L. Oleson, its president, who stamped it paid and delivered it to defendant; that he took the note home, showed it to his wife, and then destroyed it. The check which defendant received from the building and loan association was produced, marked paid by the state bank on January 23. Defendant's wife testified to his bringing the note home with him, to its being marked paid, and to its destruction.

The evidence on behalf of plaintiff tending to show that the note had been lost was not very satisfactory, and the evidence that it had not been paid consisted of the fact that the books of the bank did not show such payment, the testimony of the cashier that he did not remember defendant's being in the bank and paying the note to the president, and the testimony of the latter denying the payment. In addition to this, the president testified that he was not in the bank from December 10, 1910, until April 1, 1911, and his testimony to this effect was corroborated by the other officers and employees of plaintiff, and by numerous other witnesses, members of the family of the president.

# 460

It must be admitted that plaintiff made a strong showing that defendant could not have paid the note to Mr. Oleson, the president, as he testified, and it may be that the note was not in fact paid. Of course the real issue was whether or not defendant paid the note to the bank, not whether he paid it to the president, cashier, or teller. While defendant was very positive in his testimony that the payment was made to Oleson, thus making this an important issue, it was nevertheless a collateral issue. The question was clearly for the jury, and the verdict was approved by the trial court. We hold that there is no such preponderance of evidence against the verdict as to warrant holding that the trial court abused its discretion in refusing to grant a new trial.

The alleged error in the charge is the instruction that, if the jury should find that defendant did not pay the note to Oleson, but should find that he did in fact pay it to the bank, the verdict should be for defendant. Clearly this instruction was correct as a matter of law, but it is claimed that defendant had by his testimony precluded any possibility of his being mistaken as to the person in the bank to whom he paid the note.

Defendant's evidence was given more than a year after the transaction; his memory may have proved treacherous on this detail. The jury might be justified in finding, from the fact that plaintiff had not satisfactorily accounted for not having the note in its possession and from the other evidence, that defendant had in fact paid the note, but was mistaken in his recollection that the payment was made to the president. We conclude that it was not error to give the instruction.

Order affirmed.